Mayfield & Associates - Attorneys at Law
Gayle Mayfield-Venieris, Esq., Bar No. 149296
mayfield@mayfield-law.com
Melissa L. Bustarde, Esq., Bar. No. 239062
bustarde@mayfield-law.com
Christopher Y. Lock, Esq., Bar. No. 246815
lock@mayfield-law.com
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090; Fax: (858) 793-8099

Attorneys for: Material Witness PEDRO NIETO-ROJAS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO SALTO-ROCHA (1),<br><br>JOSE HERNANDEZ-RIVAS (2),<br><br>Defendants. | Criminal Case No.  08 cr 2430-BTM<br>Mag. Docket No.   08 mj 2098<br><br>**AMENDED NOTICE OF MOTION AND MOTION FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS PEDRO NIETO-ROJAS**<br><br>JUDGE:  Hon. Barry Ted Moskowitz<br>CRTRM:  15, Fifth Floor<br><br>DATE:  August 15, 2008<br>TIME:   2:30 p.m. |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ODILON CIRA-RAMIREZ,<br><br>Defendant. | Criminal Case No. 08 cr 2429-WQH<br>Mag. Docket No.  08 mj 2098 |

TO KAREN P. HEWITT, UNITED STATES ATTORNEY, PETER MAZZA, ASSISTANT UNITED STATES ATTORNEY, KAREN M. STEVENS, ESQ., COUNSEL FOR DEFENDANT GERARDO SALTO-ROCHA, DAVID BAKER, ESQ., COUNSEL FOR DEFENDANT JOSE HERNANDEZ-RIVAS, ANDREW LAH, ESQ., COUNSEL FOR DEFENDANT ODILON CIRA-RAMIREZ.  **1 of 2**

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-Ramirez (08 mj 2098)(08 cr2429-WHQ)
Notice of Motion & Motion for Video Deposition and Release of Material Witness

1  **PLEASE TAKE NOTICE** that on **August 15, 2008**, at **2:30 p.m.**, Gayle Mayfield-
2  Venieris, Esq., counsel for the material witness PEDRO NIETO-ROJAS ("NIETO") will move
3  this Court for an order to take the video deposition of the material witness, and for his immediate
4  release.  At the request of Judge Moskowitz, the August 14, 2008 hearing in front of Judge
5  McCurine has been taken off calendar and the hearing will now take place in front of Judge
6  Moskowitz as set forth herein.

## MOTION

8  Material witness NIETO, through his counsel, Gayle Mayfield-Venieris, and pursuant to
9  Federal Rules of Criminal Procedure, Rule 15, 18 U.S.C. §§ 3142 and 3144, hereby moves this
10 Court for an order to take his deposition by videotape and release him at the conclusion of the
11 deposition.
12 This Motion is based on this Notice and the Memorandum of Points and Authorities
13 attached and filed herewith, the records of the above-entitled case, and all matters submitted to
14 the Court prior to the determination of this Motion.

16 Dated:  August 5, 2008                    Mayfield & Associates

18                                           By:  /s/ Gayle Mayfield-Venieris
                                                  Gayle Mayfield-Venieris, Esq.
19                                                Attorney for Material Witness
                                                  PEDRO NIETO-ROJAS

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

**2 of 2**

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-Ramirez (08 mj 2098)(08 cr2429-WHQ)
Notice of Motion & Motion for Video Deposition and Release of Material Witness

Mayfield & Associates - Attorneys at Law
Gayle Mayfield-Venieris, Esq., Bar No. 149296
mayfield@mayfield-law.com
Melissa L. Bustarde, Esq., Bar. No. 239062
bustarde@mayfield-law.com
Christopher Y. Lock, Esq., Bar. No. 246815
lock@mayfield-law.com
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066
Tel: (858) 793-8090; Fax: (858) 793-8099

Attorneys for: Material Witness PEDRO NIETO-ROJAS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERARDO SALTO-ROCHA (1),<br><br>JOSE HERNANDEZ-RIVAS (2),<br><br>　　　　Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ODILON CIRA-RAMIREZ,<br><br>　　　　Defendant. | Criminal Case No. 08 cr 2430-BTM<br>Mag. Docket No.   08 mj 2098<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS PEDRO NIETO-ROJAS**<br><br>JUDGE:   Hon. Barry Ted Moskowitz<br>CRTRM:   15, Fifth floor<br><br>DATE:   August 15, 2008<br>TIME:   2:30 p.m.<br><br>Criminal Case No. 08 cr 2429-WQH<br>Mag. Docket No.   08 mj 2098 |

　　Material witness PEDRO NIETO-ROJAS, by and through his designated counsel, GAYLE MAYFIELD-VENIERIS, submits the following Memorandum of Points and Authorities in support of his Motion for Videotape Deposition and Release at the conclusion thereof.

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

# **TABLE OF CONTENTS**

I. STATEMENT OF FACTS ............................................................................................................. 3

II. SUMMARY OF ARGUMENT ....................................................................................................... 3

III. POINTS AND AUTHORITIES ................................................................................................... 3

    A.    Deposition is Mandated by Statute ................................................................................. 3

        **1)**    **18 U.S.C.S. § 3144** ................................................................................................ 3

        **2)**    **Federal Rule of Criminal Procedure 15** ................................................................ 4

        **3)**    **Defendant Has Not Met His Burden to Defeat the Motion for Video Deposition** 4

    B.    A Material Witness Does Not Have to Show Exceptional Circumstances To Request A Videotape Deposition .......................................................................................................... 6

    C.    Deposition Preserves Defendants' Rights ...................................................................... 7

        **1)**    **Deposition Preserves Defendant's Sixth Amendment Right to Confrontation** ... 7

        **2)**    **Deposition Preserves Defendant's Sixth Amendment Right to Compulsory Process** ............................................................................................................................. 9

        **3)**    **Deposition Preserves Defendant's Fifth Amendment Right to Due Process** ..... 10

IV. CONCLUSION ............................................................................................................................ 10

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
380 STEVENS AVENUE, SUITE 314
SOLANA BEACH, CA 92075-2069

ii
United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points and Authorities in Support of Motion for Video Deposition and Release of Material Witness

**I.**

**STATEMENT OF FACTS**

Material witness, PEDRO NIETO-ROJAS ("NIETO") was apprehended on July 8, 2008, in Carrizo Springs by United States Border Patrol Agents. Defendants, ODILON CIRA-RAMIREZ, JOSE HERNANDEZ-RIVAS and GERARDO SALTO-ROCHA, the alleged guides of the groups, are charged with bringing in aliens resulting in death in violation of Title 8, United States Code, Section 1324 (a)(a)(A)(i) among other charges.  Material witness NIETO remains in custody and he has no prospects for securing release on bond.

**II.**

**SUMMARY OF ARGUMENT**

No material witness may be held in custody merely because he cannot provide surety for a bond.  Once the material witness moves to take his own videotape deposition, the court must order a video deposition unless the opposing party meets its burden to show video deposition and release of the material witness would result in a failure of justice.  While the defendant has made no showing of a failure of justice, NIETO, has been unable to secure bond during the three weeks he has been in custody.  Thus, given the defendant's inability to show a failure of justice and the fact that NIETO is a minor, the material witness must be immediately deposed and released.

**III.**

**POINTS AND AUTHORITIES**

*A.     Deposition is Mandated by Statute*

  **1)     18 U.S.C.S. § 3144**

Congress specifically enacted a statute to deal with the issue presented in this case, i.e., material witnesses who remain incarcerated owing solely to their inability to secure bond.  In unmistakably plain language, Congress outlawed prolonged incarceration of such persons without substantial justification.  "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can be secured by deposition, and if further detention is not necessary to prevent a failure of justice."  *18 U.S.C*

3 of 11
United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

1  § 3144.  "Upon such a showing, the district court must order [the witness'] deposition and
2  prompt release."  *Torres-Ruiz v. United States District Court for the Southern District of*
3  *California*, 120 F.3d 933, 935 (9th Cir. 1997) (*quoting Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413
4  (5th Cir. 1992)) (emphasis in original).

5  **2)   Federal Rule of Criminal Procedure 15**

6  Federal Rules of Criminal Procedure, Rule 15(a)(2), provides that

7  A witness who is detained under 18 U.S.C. § 3144 may request to be
8  deposed by filing a written motion and giving notice to the parties.  The court
9  may then order that the deposition be taken and may discharge the witness after
10  the witness signs under oath the deposition transcript.

11  Under such circumstances, "[i]f the deposition would prove admissible over any
12  objection under the Confrontation Clause of the United States Constitution or the Federal Rules
13  of Evidence, then the material [witness] must be deposed rather than detained."  *Aguilar-Ayala*,
14  973 F.2d at 413 (emphasis added).

15  Prolonged incarceration of NIEOT solely because of his inability to secure bond thus
16  violates the clearly stated intent of Congress and straightforward rulings by the Court of Appeals
17  prohibiting such practices.  "[I]t is clear from a conjunctive reading [of Rule 15(a)] with
18  [Section] 3144 that the discretion to deny the motion is limited to those instances in which the
19  deposition would not serve as an adequate substitute for the witness' live testimony: that a failure
20  of justice would ensue were the witness released.  Absent a failure of justice, the witness must be
21  released."  *Torres-Ruiz*, 120 F.3d at 935 (*citing Aguilar-Ayala*, at 413 (internal citations and
22  quotations omitted).

23  **3)   Defendant Has Not Met His Burden to Defeat the Motion for Video
24         Deposition**

25  To defeat a motion for video deposition of a material witness, the burden is on the
26  opposing party to show admission of deposition testimony will result in a "failure of justice."  18
27  U.S.C.S. § 3144; *Torres-Ruiz*, at 935.  To meet this burden, the defendant must make a plausible

28  **4 of 11**

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

showing the witness' testimony would be both material and favorable to his defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

In *Valenzuela-Bernal*, the defendant was charged with transporting an illegal alien. *Valenzuela-Bernal*, 458 U.S. at 860. The Government detained the illegal alien as a material witness (Witness No. 1) but deported two other witnesses (Witnesses Nos. 2 and 3) (also illegal aliens) before defendant was able to interview them. *Id*. at 861. Defendant appealed, claiming deportation of Witnesses Nos. 2 and 3 deprived him of the opportunity to determine whether their testimony would aid his defense. *Id*. According to the Supreme Court, even though the defendant knew what Witnesses 2 and 3 might have said to him to indicate whether Witness No. 1 had legal status to be present in this country, the defendant failed to show how the deported witnesses' testimony would have been helpful to his defense. *Id*. at 874.

> [I]t should be remembered that [defendant] was present throughout the commission of this crime. No one knows better than he what the deported witnesses actually said to him, or in his presence, that might bear upon whether he knew that [Witness No. 1] was an illegal alien who had entered the country within the past three years. And, in light of the actual charge made in the indictment, it was only the status of [Witness No. 1] which was relevant to the defense. [Witness No. 1], of course, remained fully available for examination by the defendant and his attorney. We thus conclude that the [defendant] can establish no Sixth Amendment violation without making some plausible explanation of the assistance he would have received from the testimony of the deported witnesses.

*Valenzuela-Bernal*, 458 U.S. at 871.

The Supreme Court's reasoning applies with even greater force in this case. In *Valenzuela-Bernal*, the witnesses were deported before the defendant had the opportunity to interview them. Here, the defendant has had the opportunity to interview the material witness while he has been incarcerated for the past three weeks. Despite this opportunity, the defendant has produced no evidence, nor has the defendant made any showing the witness has material information helpful to the defense. In short, the defendant has made no showing of a failure of justice. Consequently, the material witness must be deposed and released.

**5 of 11**

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

1     ***B.    A Material Witness Does Not Have to Show Exceptional Circumstances To***
2 ***Request A Videotape Deposition.***

3     The plain language of Federal Rules of Criminal Procedure, Rule 15(a)(2) demonstrates that a material witness who files a motion for his own deposition is not required to demonstrate exceptional circumstances. Where a material witness moves for a Rule 15 deposition, he need not show such "exceptional circumstances." *United States v. Chen*, 214 F.R.D. 578, 579 (N.D. Cal. 2003); *see also, Aguilar-Ayala v. Ruiz*, 973 F.2d at 420 (5th Cir. 1992) (ff. 6); *United States v. Allie*, 978 F.2d 1401, 1404 (5th Cir. 1992).

    "Witnesses detained under § 3144 are <u>explicitly excepted</u> from demonstrating exceptional circumstances to effectuate their own deposition." *Aguilar-Ayala v. Ruiz*, 973 F.2d at 420 (5th Cir. 1992) (ff. 6)(emphasis added); *see also, United States v. Allie*, 978 F.2d 1401, 1404 (5th Cir. 1992). Indeed, Rule 15(a)(2), which addresses the process for a detained material witness to seek a deposition, does not even mention exceptional circumstances.

    The confusion regarding the requirement of exceptional circumstances was clarified in 2002 when Congress amended Rule 15(a) to distinguish motions brought by material witnesses for depositions from motions brought by other parties, *United States v. Chen*, 214 F.R.D. at 580 (ff. 2), thus implying that motions for a deposition brought by a material witness does not require a showing of exceptional circumstances. "Before the amendment, it was unclear whether the 'exceptional circumstances' standard applied when a material witness moved for a deposition. The amendment makes clear that this heightened standard only applies to a motion made by a *party*." *United States v. Chen*, 214 F.R.D. at 580 (ff. 2)(emphasis in original). Only Rule 15(a)(1), which addresses where a <u>party</u> seeks a deposition of a prospective witness, addresses the exceptional circumstances requirement. Thus, it is only where <u>parties other than the detained material witness</u> file a motion for the witness' deposition that a showing of exceptional circumstances is required. *See, Fed. Rule Crim. Pro., Rule 15(a)(1)*; *see also, Chen*, 214 F.R.D. at 579; *Allie*, 978 F.2d at 1404.

    Therefore, material witness NIETO does not have to make a showing of exceptional circumstances.

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066

**6 of 11**

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

1    **C.    *Deposition Preserves Defendants' Rights***

2         **1)    Deposition Preserves Defendant's Sixth Amendment Right to**
3              **Confrontation**

4    Under ideal circumstances, the material witness would be deposed and released and 5 would subsequently return for the defendant's trial. The Office of the United States Attorney in 6 fact employs well-established procedures to ensure such a result. Prior to release, the 7 Government is required to serve each material witness with a subpoena for the trial date and a 8 travel fund advance letter. Thus, under ideal circumstances, each material witness would return 9 for trial and questions about preserving defendant's right to confront and cross-examine the 10 material witnesses would be moot.

11   Even if the material witness does not return for trial, his deposition will be admissible in 12 lieu of live testimony. *See Rivera*, at 1207. Admission of prior-recorded testimony by a witness 13 who is unavailable for trial has in fact been upheld for more than a century. In 1895, the 14 Supreme Court held admission of testimony given at a defendant's first trial by a witness who 15 died before the second trial did not violate the confrontation clause. *Mattox v. United States*, 156 16 U.S. 237 (1895). Since that time, courts have consistently upheld the principle that prior-17 recorded testimony later admitted at trial does not violate a defendant's Sixth Amendment 18 confrontation rights so long as: (1) there is some exceptional circumstance where, in the interests 19 of justice, it is necessary to take and preserve testimony outside the court; (2) the prior testimony 20 was given at a hearing, proceeding or deposition; (3) an authorized person put the witness under 21 oath; (4) the defendant had the right to be present; (5) the defendant was represented by counsel 22 who was given a complete and adequate opportunity to cross-examine the witness; and (6) the 23 witness meets the criteria for unavailability. *See* Fed. R. Civ. P. 28 and 30; Fed. R. Evid. 804(a); 24 *see also California v. Green*, 399 U.S. 149, 165-166 (1970); *Torres-Ruiz* at 933; *Aguilar-Ayala* 25 at 413.

26   As shown above, this case, the interests of justice mandate taking and preserving the 27 material witness's testimony outside the court, i.e., by video deposition. The defendant's rights 28 under the Sixth Amendment are preserved by the statutory requirements for a deposition,

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

including the presence of a person authorized to put the witness under oath, the defendant's right to be present, the defendant's right to be represented by counsel, and the defendant's right to completely and adequately cross-examine the witness. *See* Fed. R. Civ. P. 28 and 30.  Moreover, these procedural requirements provide a sufficient indicia of reliability to "[a]fford the trier of fact a satisfactory basis for evaluating the truth of the prior statement," further protecting defendant's rights under the confrontation clause. *California v. Green*, 399 U.S. at 161.

Finally, if a material witness fails to return for trial, the deposition will be admissible, as the material witness would meet the requirements for unavailability.  In the context of this case, an unavailable witness is one who is out of the United States, providing the absence of the witness was not procured by the party offering the deposition, or a witness whose attendance cannot be procured by subpoena. *See* Fed. R. Crim. P. 15; Fed. R. Evid. 804(a).  Where a material witness has left the United States voluntarily or even by forced deportation, the witness' later absence from trial does not violate the defendant's rights under the confrontation clause provided the Government makes a reasonable effort to assure the witness' attendance at trial. *Aguilar-Ayala*, at 418 (*quoting Ohio v. Roberts*, 448 U.S. 56, 65 (1980)); *see also Rivera*, at 1207.

In *U.S. v. Eufracio-Torres*, before the material witnesses were forcibly deported, the Government, using procedures similar to those presently employed in the Southern District of California, served them with trial subpoenas and instructed them on how to return for trial and obtain the necessary travel funds. *U.S. v. Eufracio-Torres,* 890 F. 2d 266, 270 (1989).  Although the witnesses did not appear for trial, the Court of Appeals held their deposition testimony was admissible under such circumstances, where the Government used "good faith" and "reasonable means" to assure that the witnesses would attend trial. *U.S. v. Eufracio-Torres,* 890 F. 2d at 271.  "So long as the government has employed reasonable measures to secure the witness' presence at trial, the fact that the witness has nevertheless failed to appear will not preclude the admission of deposition testimony.  Such a witness will be deemed 'unavailable' and the deposition is admissible over the defendant's Confrontation Clause and hearsay objections." *Aguilar-Ayala*, at 418 (*quoting Ohio v. Roberts*, 448 U.S. at 65); *see also* Fed. R. Evid. 804(a).

8 of 11

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

1  Thus, even if the United States Attorney's reasonable and well-established procedures
2  fail to obtain the material witness's attendance at trial, statutory procedures for the taking of the
3  deposition preserves defendant's Sixth Amendment confrontation rights, and the deposition will
4  be admissible at trial.

**2)  Deposition Preserves Defendant's Sixth Amendment Right to Compulsory Process**

7  "The only recent decision of this Court dealing with the right to compulsory process
8  guaranteed by the Sixth Amendment suggests that more than the mere absence of testimony is
9  necessary to establish a violation of the right." *See Valenzuela-Bernal*, at 867 (witnesses
10 deported before interviewed by defendant).  "Indeed, the Sixth Amendment does not by its terms
11 grant to a criminal defendant the right to secure the attendance and testimony of <u>any</u> and all
12 witnesses: it guarantees him 'compulsory process for obtaining witnesses in his favor.'"
13 *Valenzuela-Bernal*, at 867, (*quoting* U.S. Const., Amdt. 6).  "[D]efendant cannot establish a
14 violation of his constitutional right to compulsory process merely by showing that deportation of
15 the [witness] deprived him of [his] testimony.  He must at least make some plausible showing of
16 how [his] testimony would have been both material and favorable to his defense." *See*
17 *Valenzuela-Bernal*, at 867 (emphasis added); *see also* Fed. R. Crim. P. 17(b) (requiring
18 Government to subpoena witnesses on behalf of indigent defendants "upon a satisfactory
19 showing . . . that the presence of the witness is necessary to an adequate defense.").
20  In this case, material witness NIETO has been in custody since July 8, 2008.  Since
21  that time, the material witness has been available for interview by both defense counsel and the
22 Assistant United States Attorney, who thus have had an ample opportunity to ascertain the
23 substance of any testimony the material witness might provide at trial.  Because the material
24 witness's testimony can be adequately preserved by video deposition and he is subject to the
25 subpoena power of this Court, further detention is not necessary to prevent a failure of justice.
26  Moreover, a guarantee from the Government that the material witness will return for trial
27 is not a prerequisite for an order for video deposition.  The Government is required only to use
28 reasonable means to insure the appearance of the material witness.  *See Aguilar-Ayala*, at 418.

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

9 of 11
United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

"We gather from these cases that deposition testimony is admissible only if the government has exhausted reasonable efforts to assure that the witness will attend trial. The ultimate success or failure of those efforts is not dispositive. So long as the government has employed reasonable measures to secure the witness' presence at trial, the fact that the witness has nevertheless failed to appear will not preclude the admission of deposition testimony. Such a witness will be deemed 'unavailable.'" *Aguilar-Ayala*, at 418 (*citing Ohio v. Roberts*, at 65). Because the material witness' testimony can be adequately preserved by video deposition and he is subject to the subpoena power of this Court, the defendant's rights to compulsory process are protected and the Court must order the deposition and release of the material witness.

### 3) **Deposition Preserves Defendant's Fifth Amendment Right to Due Process**

"Due process guarantees that a criminal defendant will be treated with 'that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." *Valenzuela-Bernal*, at 872, (*quoting Lisenba v. California*, 314 U.S. 219, 236 (1941)). In another context, the Supreme Court held that instances where the Government withholds evidence required by statute to be disclosed constitute due process violations only when they "so infect the fairness of the trial as to make it 'more a spectacle or trial by ordeal than disciplined contest.'" *Valenzuela-Bernal*, at 872, (*quoting United States v. Augenblick*, 393 U.S. 348, 356 (1969)) (citations omitted). For there to be a due process violation by release of the material witnesses in this case, the defendant must provide "some explanation of how their testimony would have been favorable and material." *Id*.

### IV.
### CONCLUSION

Based on the discussion above, material witness NIETO respectfully moves the Court for an order requiring his video deposition to be taken as soon as possible, and for his immediate release from custody upon conclusion of the deposition.

**10 of 11**

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

1

2   Date: August 5, 2008                    Mayfield & Associates

3

4                                           By: /s/ Gayle Mayfield-Venieris
                                                Gayle Mayfield-Venieris, Esq.
5                                               Attorney for Material Witness
                                                PEDRO NIETO-ROJAS

11 of 11

United States v. SALTO-Rocha (08 mj 2098)(08 cr2430-BTM)
United States v. CIRA-RAMIREZ (08 mj 2098)(08 cr2429-WQH)
Points & Authorities in Support of Motion for Video Deposition and Release of Material Witness

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066

1  Mayfield & Associates - Attorneys at Law
   Gayle Mayfield-Venieris, Esq., Bar No. 149296
2  mayfield@mayfield-law.com
   Melissa L. Bustarde, Esq., Bar. No. 239062
3  bustarde@mayfield-law.com
   Christopher Y. Lock, Esq., Bar. No. 246815
4  lock@mayfield-law.com
   462 Stevens Avenue, Suite 303
5  Solana Beach, CA 92075-2066
   Tel: (858) 793-8090; Fax: (858) 793-8099
6
   Attorneys for: Material Witness ATENEDORO PEREZ-CORTEZ
7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, | Criminal Case No. 08 cr 2430-BTM |
| 11         Plaintiff, | Mag. Docket No. 08 mj 2098 |
| 12    v. | **PROOF OF SERVICE VIA E-FILE** |
| 13  GERARDO SALTO-ROCHA (1), | **[Fed. R. Civ. Pro. 4, Local Rule 5]** |
| 14  JOSE HERNANDEZ-RIVAS (2), | |
| 15         Defendants. | |
| 16 | |
| 17  UNITED STATES OF AMERICA, | Criminal Case No. 08 cr 2429-WQH |
|            Plaintiff, | Mag. Docket No. 08 mj 2098 |
| 18 | |
| 19    v. | |
| 20  ODILON CIRA-RAMIREZ, | |
| 21         Defendant. | |
| 22  UNITED STATES OF AMERICA, | Mag. Docket No. 08 mj 2133-LSP |
| 23         Plaintiff, | |
| 24    v. | |
| 25  ATENEDORO PEREZ-CORTEZ | |
| 26 | |
| 27         Material Witness. | |

**1 of 2**

28
United States v. CIRA-Ramirez (08 mj 2098)(08 cr2429-WQH)
United States v. SALTO-Rocha, et al. (08 mj 2098)(08 cr2430-BTM)
United States v. PEREZ-Cortez (08 mj 2133LSP)
Proof of Service Via E-File

1  I, Melissa L. Bustarde, declare as follows:

2  1.  I am over eighteen years of age and not a party to the above-referenced action; my

3  business address is 462 Stevens Avenue, Suite 303, Solana Beach, CA 92075-2066. I am

4  employed in San Diego County, California.

5  2.  On August 5, 2008, I filed the following document on the Court's CM/ECF

6  system in Case No. 08 mj 2098/08 cr 2429-WQH/08 cr 2430-BTM/08 mj 2133. The following

7  counsel were electronically served with the following documents via the CM/ECF system

8  pursuant to Local Rule 5.4(c):

- **Application for Order to Shorten Time**
- **Notice of Motion and Motion to Take Deposition by Video**
- **Points and Authorities in Support of Motion for Video Deposition**

| Peter Mazza, A.U.S.A | Karen Stevens, Esq. |
| Efile.dkt.gc2@usdoj.gov | kstevensesq@hotmail.com |
| David L. Baker, Esq. | Andrew Lah, Esq. |
| dlbakerlaw@aol.com | Andrew_lah@fd.org |

I declare under penalty of perjury under the laws of the United States, State of California that the foregoing is true and correct and that this declaration was executed on August 5, 2008.

Melissa L. Bustarde, Esq.
Mayfield & Associates

2 of 2
United States v. CIRA-Ramirez (08 mj 2098)(08 cr2429-WQH)
United States v. SALTO-Rocha, et al. (08 mj 2098)(08 cr2430-BTM)
United States v. PEREZ-Cortez (08 mj 2133LSP)
Proof of Service Via E-File