FILED
AUG 29 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>GERARDO SALTO-ROCHA (1),<br><br>JOSE HERNANDEZ-RIVAS (2),<br><br><br>        Defendants. | Criminal Case No. 08 cr 2430-BTM<br>Mag. Docket No.  08 mj 2098<br><br>[~~PROPOSED~~]<br>ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS PEDRO NIETO-ROJAS<br><br>JUDGE: Hon. Barry Ted Moskowitz<br>CRTRM: 15, Fifth floor<br><br>DATE: August 15, 2008<br>TIME: 2:30 p.m. |
|---|---|

Upon request of counsel for the material witness PEDRO NIETO-ROJAS ("NIETO") Gayle Mayfield-Venieris, and good cause appearing:

1. The material witness NIETO, being held in custody in case number 08 cr 2430-BTM, shall be deposed on September 30, 2008 at 10:00 a.m./ p.m. The deposition will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California, 92101.

2. All parties, meaning the United States and the defendants, shall attend the material witness deposition. The arresting agency shall bring the material witness to the deposition ~~and a marshal shall remain present during the proceeding~~. If the defendant are in custody, they shall be brought separately to the deposition and a marshal shall remain present

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066

1
2   during the proceeding.
3        3.    The United States Attorney's Office shall provide a videotape operator
4   ("operator") and if necessary, arrange for a court certified interpreter to be present for the
5   material witness. The cost of the interpreter of the material witness shall be borne by the United
6   States Attorney's Office.
7        4.    If the defendant needs an interpreter other that the interpreter for the material
8   witness, defense counsel shall arrange for a certified court interpreter to be present. The cost of
9   a separate interpreter for the defendant shall be paid by the Court.
10       5.    The United States Attorney's Office shall arrange for a certified court reporter to
11  be present. The court reporter shall stenographically record the testimony and serve as a notary
12  and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil
13  Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.
14       6.    The deposition shall be recorded by videotape, meaning a magnetic tape that
15  records sound as well as visual images. At the conclusion of the deposition, on the record, the
16  witness or any party may elect to have the witness review the videotaped record of their
17  deposition to check for errors or omissions and to note any changes. Any errors, omissions or
18  changes, and the reasons for making them shall be stated in writing and such writing shall be
19  signed by the witness, delivered to the notary in a sealed envelope and filed in the same fashion
20  as described in Paragraph 17 below, unless the parties agree on the record to a different
21  procedure.
22       7.    The operator shall select and supply all equipment required to videotape the
23  deposition and shall determine all matters of staging and technique, such as number and
24  placement of cameras and microphones, lighting, camera angle, and background. The operator
25  shall determine these matters in a manner that accurately reproduces the appearance of the
26  witness and assures clear reproduction of both the witness's testimony and the statements of
27  counsel. The witness), or parties to the action, may object on the record to the manner which the
    operator handles any of these matters. All such objections shall be deemed waived unless made

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

1

2  promptly after the objector knows, or has reasonable grounds to know, of the basis of such

3  objection.

4      8.      The deposition shall be recorded in a fair, impartial and objective manner. The

5  videotape equipment shall be focused on the witness; however, the videotape operator may,

6  when necessary, focus upon charts, photographs, exhibits, or like material being shown to the

7  witness.

8      9.      Before examination of the witness begins, the Assistant U.S. Attorney shall state

9  on the record his name; the date, time, and place of the deposition; the name of the witness; the

10  identity of the parties and the names of all person present in the deposition room. The court

11  reporter shall then swear the witness on the record. Prior to any counsel beginning an

12  examination of the witness, that counsel shall identify himself and his respective client on the

13  record.

14      10.     Once the deposition begins, the operator shall not stop the videotape recorder

15  until the deposition concludes, except that, any party or the witness may request a brief recess,

16  which request will be honored unless another party objects and specifies a good faith basis for

17  the objection on the record. Each time the tape is stopped or started, the operator shall state on

18  the record the time the recording stopped and the time it resumed. If the deposition requires the

19  use of more than one tape, the operator shall sequentially identify on the record the end and

20  beginning of each tape.

21     11.     All objections both as to form and substance shall be recorded as if the objection

22  had been overruled. The Court shall rule on objections at the appropriate time. The party raising

23  the objection(s) shall prepare a transcript for the Court to consider. All objections to the

24  evidence shall be deemed waived unless made during the deposition.

25     12.     The party offering the deposition into evidence at trial shall provide the Court

26  with a transcript of the portions so offered.

27     13.     Copies of all exhibits utilized during the videotaped deposition shall be attached

to the videotaped record.

3 of 5

United States v. SALTO-Rocha, et al. (08 mj 2098) (08 cr 2430-BTM)
ORDER FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESS

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

1

2   14.   At the conclusion of the deposition, any objection, including the basis, to release

3   of the material witness from custody shall be stated on the record. If there is no objection, the

4   attorney for the material witness shall immediately serve all parties with a "Stipulation and

5   Proposed Order for Release of Material Witness" and submit the Order to the Clerk of the Court

6   for the Judge's signature. Prior to release from custody, the attorney for the Government shall

7   serve the material witness with a subpoena for the trial date and a travel fund advance letter.

8   15.   The operator shall provide a copy of the videotaped deposition to any party who

9   requests a copy at that party's expense. After preparing the requested copies, if any, the operator

10   shall deliver the original videotape to the notary along with a certificate signed by the operator

11   attesting that the videotape is an accurate and complete record of the videotaped deposition. The

12   operator shall then deliver the videotape to the notary along with a certificate signed by the

13   operator attesting that it is an accurate and complete recording of the deposition. The notary

14   shall file the original tape and certification with the Clerk of the Court in a sealed envelope

15   marked with the caption of the case, the name of the witness and the date of the deposition.

16   16.   The notary shall file with the Clerk of Court in a sealed envelope the original

17   videotape, along with any exhibits offered during the deposition. The Sealed envelope shall be

18   marked with the caption of the case, the name of the witness, and the date of the deposition. To

19   that envelope, the notary shall attach the certificate of the operator. <u>If all counsel stipulate on the

20   record, the Government may maintain the original videotape until production is ordered by the

21   Court or requested by any party</u>.

22   17.   Unless waived by the parties, the notary must give prompt notice to all parties of

23   the filing of the videotaped record of the deposition with the Court pursuant to Federal Rule of

24   Civil Procedure 30(f)(3).

25   18.   If any party objects on the record to the release of the material witness from

26   custody, the objecting party must request in writing a hearing on the issue before the federal

27   judge who is assigned the case or to such other district judge or magistrate judge as they

designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the</u>

MAYFIELD & ASSOCIATES
ATTORNEYS AT LAW
462 STEVENS AVENUE, SUITE 303
SOLANA BEACH, CA 92075-2066

1
2   <u>Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a</u>
3   <u>courtesy copy to chambers.</u>  The Court will set a briefing schedule, if appropriate, and a date and
4   tine for the objection to be heard as soon as reasonably practicable.  At the hearing, the objecting
5   party must establish to the Court's satisfaction an appropriate legal basis for the material witness
6   to remain in custody.  If, after the hearing, the Court orders the release of the material witness,
7   the material witness's attorney shall immediately present the release order to the Court for
8   signature and filing.  Before release of the material witness from custody, the Government shall
9   serve the material witness with a subpoena for the trial date and a travel fund advance letter.
10
11   **IT IS SO ORDERED.**
12
13   Dated: 8/29/08
14                                             _____
15                                             HON. BARRY TED MOSKOWITZ
                                               UNITED STATES DISTRICT JUDGE
16
17
18
19
20
21
22
23
24
25
26
27

Mayfield & Associates
Attorneys at Law
462 Stevens Avenue, Suite 303
Solana Beach, CA 92075-2066